OPINION OF THE COURT
Michael F. McKeon, J.
A claim of a breach of the warranty of habitability highlights this summary proceeding. Petitioner, owner of real property located at 10 Lexington Avenue, Auburn, New York, seeks possession of said property for nonpayment of rent. A hearing was held on August 2, 2007 at Auburn City Court. Subsequent to the hearing, the court inspected the property. Both parties were present during the inspection. The respondent admits nonpayment, claiming he withheld the rent due to the failure of the petitioner to make requested repairs and his belief those unrepaired items breached the warranty of habitability.
The respondent took possession of 10 Lexington Avenue, a single-family dwelling, approximately 2V2 years ago, as a month-to-month tenant, at a rate of $600 per month. According to the testimony of the respondent, within six months of occupying, he began experiencing problems with a sewer backup, which required a clean out of the sewer pipe, which has to be repeated almost every six months, due apparently to a tree root problem.
In September of 2005, in response to complaints by the respondent, petitioner was cited by the City of Auburn for several Housing Code violations, all of which were corrected by the petitioner within approximately one month after being cited. Problems continued to occur, including a leaky roof, once again culminating into a violation notice issued by the City of Auburn dated July 12, 2007. Among the items cited included the ever reoccurring plugged sanitary sewer, water damaged ceilings (apparently caused by leaks in the roof), a rotting entrance porch and damaged rotted exterior siding among others. To date, none have been repaired except the sanitary sewer problem which again was cleaned out.
According to Housing Code of the City of Auburn § 182-70 an owner is responsible to maintain his property in good repair. Moreover, the warranty of habitability (see Real Property Law § 235-b) mandates an owner to covenant and warrant that any property leased is fit for human habitation and that the occupants shall not be subject to any condition which would be dangerous, hazardous or detrimental to the life, health or safety.
Until recently, unless the conditions were such as to constructively evict the tenant, such that the tenant abandoned the *890 property or were likely to become dangerous to the life, health or safety, the remedies afforded by RPAPL 755 (stay of proceedings, deposit of payment of rent into court, discretionary payment to contractor making repairs) were unavailable and as such the only remedy available to a tenant was a court order abating the rent owed to an amount equal to the fair market rental value of the property taking into consideration the nature and extent of the breach of the warranty of habitability. (See Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979].) City courts lacked jurisdiction to order landlords to make repairs in a summary proceeding.
That all changed on January 1, 2006, when the legislature amended sections 203 and 209 of the Uniform City Court Act and granted city courts expanded equity powers in a variety of actions, including summary proceedings. Upon review of Uniform City Court Act § 203 (a) (8); (c) and § 209 (b) (4) as amended, it is clear to the court that the legislature has provided city courts with injunctive powers to ensure compliance with state and/or local housing codes pursuant to either Uniform City Court Act § 209 (b) (4) or § 203 (c), the latter (applicable to summary proceedings) requiring a finding that the utilization of such powers would be more effective to accomplish compliance with said codes or to protect and promote the public interest. These amendments allow courts the opportunity to fashion equitable remedies in summary proceedings based on the facts and circumstances of each case.
Based on this court’s review of all of the evidence, as well as the court’s personal inspection of the property, this court concludes that an order requiring the petitioner to repair the subject property will be more effective to ensure compliance with the Housing Code of the City of Auburn than issuing a warrant to dispossess and allowing the City of Auburn to enforce its violation notice in due course or abating the rent, since to date the petitioner has failed to correct the violations as ordered by the city and, apparently is unwilling to do so while the respondent remains in possession of the property.
In addition, the condition of the building and its interior are in such shape that it is in the public interest to have the violations corrected in a timely manner under judicial supervision. The repair of the porch and exterior will positively impact the curb appeal of the subject property thereby benefitting the neighborhood and the repair of the interior will result in a rental property in full compliance with the City of Auburn’s Housing *891 Code, thereby providing code compliant rental property available for the respondent currently and the rental population in the future.
Therefore, the court hereby orders as follows: (1) The petitioner shall correct all violations as set forth on violation notice No. 075455 from the City of Auburn dated July 12, 2007 within 40 days of the date of this decision. (2) The respondent shall pay into City Court rent due for the months of July and August 2007 in the amount of $1,200 on or before September 10, 2007 to be held in escrow by City Court until such time as the repairs are completed. Upon completion of the repairs and after inspection by the City of Auburn certifying same, the court will release the funds to the petitioner. (3) The court hereby stays this proceeding and schedules a status hearing on October 12, 2007 at 11:00 a.m. (4) The respondent shall pay September’s rent of $600 on or before September 17, 2007, said sum to be paid to the court and held in escrow by the court with subsequent release to the petitioner as per paragraph two above. (5) The court will entertain an application by the petitioner to release a portion of the funds held in escrow upon correction of all interior items as certified by the City of Auburn. (6) In the event the respondent fails to pay the rent as ordered on or before September 10, 2007, the court will lift the stay and issue a warrant to dispossess. The order to remedy the violations will remain in full force and effect until corrected. (See UCCA 203 [c].) (7) On its own motion, pursuant to Uniform City Court Act § 203 (d), the court joins as a party to this proceeding the City of Auburn Code Enforcement Department.